# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 23-62V

| | | |
|---|---|---|
| ROGER GREGG, | * | Chief Special Master Corcoran |
| Petitioner, | * | Filed: September 12, 2024 |
| v. | * | |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | * | |
| Respondent. | * | |

*Leigh Finfer*, Muller Brazil, LLP, Dresher, PA, for Petitioner.

*Benjamin P. Warder*, U.S. Dep't of Justice, Washington, DC, for Respondent.

## DECISION AWARDING DAMAGES[1]

On January 18, 2023, Roger Gregg filed a petition seeking compensation under the National Vaccine Injury Compensation Program (the "Vaccine Program").[2] Petitioner alleges that he suffered right-sided radial sensory neuropathy that was caused-in-fact by his receipt of the tetanus, diphtheria, and acellular pertussis ("Tdap") vaccine on March 20, 2020. Moreover, Petitioner alleges that he experienced the residual effects of his injury for more than six months.

Respondent denies that Petitioner's alleged injury or its residual effects were caused-in-fact by his receipt of the Tdap vaccine, and denies that the Tdap vaccine caused Petitioner any other injury of his current condition. Nonetheless both parties, while maintaining their above-

---

[1] Under Vaccine Rule 18(b), each party has fourteen (14) days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the whole Decision will be available to the public in its present form. *Id.*

[2] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3758, codified as amended at 42 U.S.C. §§ 300aa-10 through 34 (2012) ("Vaccine Act" or "the Act"). Individual section references hereafter will be to § 300aa of the Act (but will omit that statutory prefix).

stated positions, agreed in a stipulation[3] (filed on September 12, 2024) that the issues before them could be settled, and that a decision should be entered awarding Petitioner compensation.

I have reviewed the file, and based upon that review, I conclude that the parties' stipulation (as attached hereto) is reasonable. I therefore adopt it as my decision in awarding damages on the terms set forth therein.

The stipulation awards:

- A lump sum of $30,000.00 in the form of a check payable to Petitioner.

Stipulation ¶ 8. This amount represents compensation for all damages that would be available under Section 15(a) of the Act.

I approve a Vaccine Program award in the requested amount set forth above to be made to Petitioner. In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of the Court is directed to enter judgment herewith.[4]

**IT IS SO ORDERED.**

/s/ Brian H. Corcoran
Brian H. Corcoran
Chief Special Master

---

[3] To avoid the unnecessary disclosure of Petitioner's personal information, the Vinesign form included in the originally filed Stipulation has been removed from the copy of the Stipulation attached to this Decision.

[4] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by each filing (either jointly or separately) a notice renouncing their right to seek review.

IN THE UNITED STATES COURT OF FEDERAL CLAIMS
OFFICE OF SPECIAL MASTERS

|  |  |
|---|---|
| ROGER GREGG, ) | |
| ) | |
| Petitioner, ) | |
| ) | No. 23-62V (**ECF**) |
| v. ) | Chief Special Master Corcoran |
| ) | |
| SECRETARY OF HEALTH ) | |
| AND HUMAN SERVICES, ) | |
| ) | |
| Respondent. ) | |

## **STIPULATION**

The parties hereby stipulate to the following matters:

1. Roger Gregg, petitioner, filed a petition for vaccine compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10 to -34 ("Vaccine Program"). The petition seeks compensation for injuries allegedly related to petitioner's receipt of the tetanus, diphtheria, and acellular pertussis ("Tdap") vaccine, which vaccine is contained in the Vaccine Injury Table ("Table"), 42 C.F.R. § 100.3(a).

2. Petitioner received the Tdap vaccination in his right shoulder on March 20, 2020.

3. The vaccine was administered within the United States.

4. Petitioner alleges that he suffered right-sided radial sensory neuropathy that was caused-in-fact by his receipt of the Tdap vaccine, and that he experienced residual effects of this injury for more than six months.

5. Petitioner represents that there has been no prior award or settlement of a civil action for damages on his behalf as a result of his condition.

6. Respondent denies that petitioner's alleged injury or its residual effects were caused-in-fact by his receipt of the Tdap vaccine, and denies that the Tdap vaccine caused petitioner any other injury or his current condition.

7. Maintaining their above-stated positions, the parties nevertheless now agree that the issues between them shall be settled, and that a decision should be entered awarding the compensation described in paragraph 8 of this Stipulation.

8. As soon as practicable after an entry of judgment reflecting a decision consistent with the terms of this Stipulation, and after petitioner has filed an election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), the Secretary of Health and Human Services will issue the following vaccine compensation payment:

> A lump sum of **$30,000.00** in the form of a check payable to petitioner. This amount represents compensation for all damages that would be available under 42 U.S.C. § 300aa-15(a).

9. As soon as practicable after the entry of judgment on entitlement in this case, and after petitioner has filed both a proper and timely election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), and an application, the parties will submit to further proceedings before the special master to award reasonable attorney fees and costs incurred in proceeding upon this petition.

10. Petitioner and his attorney represent that compensation to be provided pursuant to this Stipulation is not for any items or services for which the Program is not primarily liable under 42 U.S.C. § 300aa-15(g), to the extent that payment has been made or can reasonably be expected to be made under any State compensation programs, insurance policies, Federal or State health benefits programs (other than Title XIX of the Social Security Act (42 U.S.C. § 1396, *et seq.*)), or by entities that provide health services on a pre-paid basis.

11. Payment made pursuant to paragraph 8 of this Stipulation, and any amounts awarded pursuant to paragraph 9 of this Stipulation, will be made in accordance with 42 U.S.C. § 300aa-15(i), subject to the availability of sufficient statutory funds.

12. The parties and their attorneys further agree and stipulate that, except for any award for attorney fees and litigation costs, and past unreimbursable expenses, the money provided pursuant to this Stipulation will be used solely for the benefit of petitioner, as contemplated by a strict construction of 42 U.S.C. § 300aa-15(a) and (d), and subject to the conditions of 42 U.S.C. § 300aa-15(g) and (h).

13. In return for the payments described in paragraphs 8 and 9, petitioner, in his individual capacity and on behalf of his heirs, executors, administrators, successors or assigns, does forever irrevocably and unconditionally release, acquit and discharge the United States and the Secretary of Health and Human Services from any and all actions, causes of action (including agreements, judgments, claims, damages, loss of services, expenses and all demands of whatever kind or nature) that have been brought, could have been brought, or could be timely brought in the Court of Federal Claims, under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10, *et seq.*, on account of, or in any way growing out of, any and all known or unknown, suspected or unsuspected personal injuries to or death of petitioner resulting from, or alleged to have resulted from, the Tdap vaccine administered on or about March 20, 2020, as alleged by petitioner in a petition for vaccine compensation filed on January 18, 2023, in the United States Court of Federal Claims as petition No. 23-62V.

14. If petitioner should die prior to entry of judgment, this agreement shall be voidable upon proper notice to the Court on behalf of either or both of the parties.

15. If the Chief Special Master fails to issue a decision in complete conformity with the terms of this Stipulation, or if the Court of Federal Claims fails to enter judgment in conformity with a decision that is in complete conformity with the terms of this Stipulation, then the parties' settlement and this Stipulation shall be voidable at the sole discretion of either party.

16. This Stipulation expresses a full and complete negotiated settlement of liability and damages claimed under the National Childhood Vaccine Injury Act of 1986, as amended, except as otherwise noted in paragraph 9 above. There is absolutely no agreement on the part of the parties hereto to make any payment or to do any act or thing other than is herein expressly stated and clearly agreed to. The parties further agree and understand that the award described in this stipulation may reflect a compromise of the parties' respective positions as to liability and/or amount of damages, and further, that a change in the nature of the injury or condition or in the items of compensation sought, is not grounds to modify or revise this agreement.

17. This Stipulation shall not be construed as an admission by the United States or the Secretary of Health and Human Services that the Tdap vaccine caused petitioner's alleged injury or any other injury.

18. All rights and obligations of petitioner hereunder shall apply equally to petitioner's heirs, executors, administrators, successors, and/or assigns.

**END OF STIPULATION**

/
/
/
/
/
/
/
/
/
/
/
/

Respectfully submitted,

**PETITIONER:**

*/s/ Roger Gregg*
ROGER GREGG

| | |
|---|---|
| **ATTORNEY OF RECORD FOR PETITIONER:**<br><br>*/s/ Leigh A. Finfer*<br>LEIGH A. FINFER<br>Muller Brazil<br>715 Twining Road, Suite 208<br>Dresher, PA 19025<br>(215) 885-1655<br>leigh@mullerbrazil.com | **AUTHORIZED REPRESENTATIVE OF THE ATTORNEY GENERAL:**<br><br>*/s/ Heather L. Pearlman*<br>HEATHER L. PEARLMAN<br>Deputy Director<br>Torts Branch<br>Civil Division<br>U.S. Department of Justice<br>P.O. Box 146<br>Benjamin Franklin Station<br>Washington, DC 20044-0146 |
| **AUTHORIZED REPRESENTATIVE OF THE SECRETARY OF HEALTH AND HUMAN SERVICES:**<br><br>George R. Grimes -S14<br>Digitally signed by George R. Grimes -S14<br>Date: 2024.08.30 13:07:47 -04'00'<br><br>CAPT GEORGE REED GRIMES, MD, MPH<br>Director, Division of Injury<br> Compensation Programs<br>Health Systems Bureau<br>Health Resources and Services<br> Administration<br>U.S. Department of Health<br> and Human Services<br>5600 Fishers Lane, 08W-25A<br>Rockville, MD 20857 | **ATTORNEY OF RECORD FOR RESPONDENT:**<br><br>*/s/ Benjamin P. Warder*<br>BENJAMIN P. WARDER<br>Trial Attorney<br>Torts Branch<br>Civil Division<br>U.S. Department of Justice<br>P.O. Box 146<br>Benjamin Franklin Station<br>Washington, DC 20044-0146<br>(202) 532-5464<br>Benjamin.P.Warder@usdoj.gov |

Dated: 09/12/2024

5